**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #36**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-0121 PSG (RNBx) | Date | Sept. 11, 2008 |
|---|---|---|---|
| Title | NACA Logistics (USA), Inc. v. N&N Safeway Shipping Co. | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):     Attorneys Present for Defendant(s):

Not Present                                 Not Present

**Proceedings:** **(In Chambers) Order on Defendant's Claim of Exemption**

    Before this Court is Defendant's Claim of Exemption. The Court finds the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local R. 7-15.

I.     Background

    Plaintiff ("NACA") filed a claim that resulted in a default judgment against Defendant ("N&N") because of N&N's failure to appear. NACA, then, unsuccessfully tried to collect the judgment from N&N. After N&N postponed a debtor examination and subsequently failed to appear at a later examination, NACA obtained a levy on N&N's checking account and received the full amount owed. N&N now files a claim of exemption based on California Code of Civil Procedure §§ 704.060, 704.080, claiming the corporate checking account is exempt.

II.     Discussion

    N&N's claim of exemption fails on three grounds. The first failure is the fact that N&N's bank account is not the property of a natural person, but that of the

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #36**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-0121 PSG (RNBx) | Date | Sept. 11, 2008 |
|---|---|---|---|
| Title | NACA Logistics (USA), Inc. v. N&N Safeway Shipping Co. | | |

corporation. Under California Code of Civil Procedure ("CCP") § 703.020, only the property of a natural person is exempt. Cal. Civ. Proc. Code § 703.020 (West 2004).

In addition, N&N claims an exemption under CCP § 704.060, which is meant to address "[t]ools, implements, instruments, materials, uniforms, furnishings, books, equipment, one commercial motor vehicle, one vessel, and other personal property..." Cal. Civ. Proc. Code § 704.060(a) (West 2004). The provision says nothing about corporate bank accounts. Thus, N&N has provided no basis to allow an exemption under this statutory provision.

Lastly, N&N claims an exemption under CCP § 704.080. Under this section, accounts where personal social security benefits are deposited are exempt. N&N nowhere states at any point that the corporate account receives directly deposited social security funds. N&N does not provide any information about public benefits and social security. N&N's only support for its contention states "[p]ending action against insurer deposits required for payroll and to satisfy obligations to clients under N&N's bonded performance." Cl. of Exemption (capitalization omitted). N&N has failed to provide a basis to allow an exemption under this statutory provision.

IV.   Conclusion

For the foregoing reasons, the Court DENIES the Defendant's Claim of Exemption.

**IT IS SO ORDERED.**